IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DESTINED C. GEORGE,**

    **Plaintiff,**

**v.**                                                                                   Civil Action No. 3:19cv155

**LT. MICHALEK,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Destined C. George, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The matter is before the Court on the Second Motion for Summary Judgment filed by Defendants Michalek, Mouring, and Lord (the "Defendants"). (ECF No. 51.) Defendants filed an appropriate *Roseboro* notice.[2] (ECF No. 53.) George has responded. (ECF Nos. 36, 56, 57.) For the reasons set for below, the Second Motion for Summary Judgment will be DENIED and the matter will be REFERRED to the Honorable Elizabeth W. Hanes, United States Magistrate Judge, for all further proceedings, including an evidentiary hearing regarding whether George's remaining claims should be dismissed for failure to exhaust his administrative remedies.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)

## I. Procedural History

In his Complaint, George alleges that, on December 5, 2018, while he was incarcerated at Sussex II Prison, he was repeatedly beaten by Defendants. (ECF No. 1, at 2–3.)[3] During the course of the beatings, George was sprayed with mace by an unknown correctional officer. (*Id.*) Following the attack, George alleges that he was not provided with medical care and that Defendants took his identification card and gym shorts. (*Id.*) After the above incidents, George was transferred to Red Onion State Prison. (*Id.* 3.)

George raised the following grounds for relief in his Complaint:

Claim One: Defendants used excessive force against George's person in violation of the Eighth Amendment.[4] (*Id.* 2.)

Claim Two: Defendants failed to provide George with medical care following the assault on his person. (*Id.*)

Claim Three: Defendants improperly confiscated George's personal property. (*Id.*)

Defendants moved for summary judgment on the ground that George had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). By Memorandum Opinion and Order entered on December 21, 2020, the Court granted the Motion for Summary Judgment with respect to Claim Three, but denied it with respect to Claims One and Two. *George v. Michalek*, No. 3:19cv155, 2020 WL 7497800, at *5 (E.D. Va. Dec. 21, 2020). In reaching that conclusion, the Court noted:

> there exists a material dispute of fact as to whether George has exhausted his administrative remedies with respect to Claims One and Two. Defendants contend that George never submitted any grievance regarding any of the claims in the lawsuit to Sussex II State Prison. George, however, swears that, in accordance with

---

[3] The Court employs the pagination assigned by the CM/ECF docketing system for the citations to the parties' submissions.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

the directions of the Offender Grievance Procedure, he mailed an informal complaint and a regular grievance to Sussex II State Prison concerning Claims One and Two. Sussex II State Prison officials, however, failed to acknowledge or respond to George's informal complaint and grievance. Thus, according to George's evidence, prison officials at Sussex II State Prison made the pertinent grievance process unavailable to him by failing to acknowledge or respond to his grievance material.

*Id.* at *4. Nevertheless, the Court offered Defendants an opportunity to submit another motion for summary judgment. *Id.* at *5.

## II. Defendants' Second Motion for Summary Judgment

Defendants submitted a Second Motion for Summary Judgment wherein they once again argue that Claims One and Two should be dismissed for lack of exhaustion. (ECF No. 51; *see* ECF No. 52.) Alternatively, Defendants assert that if the Court determines there is a material issue of fact as to whether George exhausted his administrative remedies, "the Court should hold an evidentiary hearing on the issue." (ECF No. 52, at 11 (citing *Hill v. Haynes*, 380 F. App'x 268, 274 (4th Cir. 2010)).

For the same reasons stated in the prior Memorandum Opinion, there remains a material dispute of fact as to whether George exhausted his administrative remedies. Accordingly, the Second Motion for Summary Judgment (ECF No. 51) will be DENIED. Nevertheless, the Court agrees it is appropriate to refer the matter for evidentiary hearing on the issue of whether George exhausted his administrate remedies. Indeed, the United States District Court for the Western District of Virginia recently followed this procedure in another case where George insisted that he had exhausted his administrative remedies, but that prison officials had simply failed to respond to his grievance material. *See George v. Puckett*, No. 7:19cv00846, 2021 WL 631392, at *2 (W.D. Va. Feb. 18, 2021). That court ultimately found, *inter alia*, that "George did not file administrative remedies forms as he claims." *George v. Puckett*, No. 7:19cv00846, 2021 WL

1783254, at *8 (W.D. Va. May 5, 2021), *report and recommendation adopted*, No. 7:19cv00846, 2021 WL 3115821 (W.D. Va. July 22, 2021).

### III. Conclusion

The Second Motion for Summary Judgment (ECF No. 51) will be DENIED. The matter will be REFERRED to the Honorable Elizabeth W. Hanes, United States Magistrate Judge, for all further proceedings, including a prompt evidentiary hearing on the issue of whether George has exhausted his administrative remedies.

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: 11-23-21
Richmond, Virginia

4