IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DESTINED C. GEORGE,**

    **Plaintiff,**

v.                                                  **Civil Action No. 3:19cv155**

**LT. MICHALEK,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Destined C. George, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this civil rights action. The matter is before the Court on George's failure to serve Defendant John Doe within the time required by Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Federal Rule of Civil Procedure 4(m), George had ninety days from the filing of the complaint to serve Defendant John Doe. Here, that period commenced on October 17, 2019.[2] By Memorandum Order entered on October 17, 2019, the Court attempted to serve Defendant John Doe pursuant to an informal service agreement with the Attorney General's Office for the Commonwealth of Virginia. (ECF No. 18.) The October 17, 2019 Memorandum

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

[2] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Order further directed the Attorney General's Office to inform the Court if it was unable to accept service of process for a particular defendant. (ECF No. 18.)

On December 30, 2019, the Attorney General's Office informed the Clerk's Office that it had not received the October 17, 2019 Memorandum Order. The Clerk remailed the October 17, 2019 Memorandum Order and Complaint to the Attorney General's Office. On January 8, 2020, the Attorney General's Office moved for an extension of time to respond to the Complaint. (ECF No. 25.) By Memorandum Order entered January 14, 2020, the Court granted the motion for extension of time. On February 13, 2020, the Attorney General's Office filed an answer on behalf of Defendants Michalek, Mouring, and Lord. (ECF No. 28, at 1.)

No one has ever accepted service for Defendant John Doe. Further, it does not appear that George ever made any effort to discover the identity of Defendant John Doe through discovery. Accordingly, by Memorandum Order entered on November 5, 2021, the Court directed George to show good cause for his failure to serve Defendant John Doe within the time required by Rule 4(m).

George responded that his failure to serve Defendant John Doe should be excused because: (1) the Attorney General's Office failed to inform the Court that it could not accept service for Defendant John Doe; (2) he is proceeding *pro se* and is incarcerated; and, (3) as an inmate he is not allowed to possess the address of a correctional officer. (ECF No. 61, at 1.)

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 90-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit have found good cause to extend the 90-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1

(E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08cv100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases). While it is true the Attorney General's Office did not specifically state that it could not accept service for Defendant John Doe, it was apparent from the filing by the Attorney General's Office and the Court's docket that Defendant John Doe had not been served. Accordingly, any omission by the Attorney General' Office fails to demonstrate good cause. Moreover, the fact George is prohibited from possessing the address of a correctional officer does not excuse his failure to obtain the identity of Defendant John Doe. If George had obtained Defendant John Doe's identity, the Court could have simply served Defendant John Doe pursuant to the informal service agreement with the Attorney General's Office. In short, George failed to make "reasonable, diligent efforts to effect service on the defendant." *Venable*, 2007 WL 5145334, at *1 (quoting *Hammad*, 31 F. Supp. 2d at 528). Because George fails to demonstrate good cause for his failure to serve Defendant John Doe, all claims against Defendant John Doe will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 3-21-2022
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge