IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DESTINED C. GEORGE,**

          **Plaintiff,**

v.                                                        Civil Action No. 3:19cv155

**LT. MICHALEK,** *et al.*,

          **Defendants.**

## MEMORANDUM OPINION

Destined C. George, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action. The matter is before the Court on George's Motion to Amend the Judgment (the "Rule 59(e) Motion"). (ECF No. 88.) For the reasons set forth below, the Rule 59(e) Motion will be DENIED.[1]

### I. Procedural History

By Memorandum Opinion and Order entered on March 21, 2022, the Court adopted the Report and Recommendation issued by the Magistrate Judge and dismissed the action. (ECF Nos. 81, 82.) Later that same day, the Court received George's Objections to the Report and Recommendation. (ECF No. 83.) On April 1, 2022, the Court received George's Motion for Relief from Final Judgment (the "Motion to Alter or Amend"). (ECF No. 84.) *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

---

[1] The Court corrects the capitalization, punctuation, and spelling in the quotations from George's submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

By Memorandum Opinion and Order entered on August 19, 2022, the Court granted the Motion to Alter or Amend (ECF No. 84), vacated the March 21, 2022 Memorandum Opinion and Order, and considered George's Objections. *George v. Michalek*, No. 3:19CV155, 2022 WL 3580746, at *1 (E.D. Va. Aug. 19, 2022). Nevertheless, in that same Memorandum Opinion and Order, the Court overruled George's Objections, accepted the Report and Recommendation, and dismissed the action for lack of exhaustion of administrative remedies. *Id.* at *1–14. On September 16, 2022, George executed, and presumably mailed his Rule 59(e) Motion to this Court. (ECF No. 88, at 1.)

## II. Analysis

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). George apparently contends that the Court committed clear errors of law.

In his first ground for relief, George states:

> Plaintiff's Objection was overruled for lack of merit, because he, "dropped his Objection to Ms. Meade's testimony at the hearing." But Plaintiff only dropped that objection because of the false pretenses stated on the record by the Magistrate Judge while raising it.

(ECF No. 88, at 1.) This ground relates to George's First Objection wherein he stated that: "The Magistrate permitted C. Meade to testify for Defendants without being listed in their proposed

2

witnesses even though T. Trapp was listed and still [is] Red Onion's current Grievance Coordinator at the time of the hearing making the hearing prejudice [sic] to plaintiff." (ECF No. 83, at 1.)

In overruling that Objection, the Court stated:

> As pertinent here, Defendants listed among their witnesses, "T. Trapp, or Current Red Onion State Prison Grievance Coordinator." (ECF No. 67, at 1.) At the evidentiary hearing, Defendants called Cathy Meade, the current Grievance Coordinator at Red Onion State Prison. (ECF No. 75, at 35.) After Ms. Meade had concluded her initial testimony, George objected, "I don't see Meade, the Red Onion grievance coordinator" on the witness list. (*Id.* at 48.) Thereafter, George conceded that he had "misread" the witness list and that he did not wish to raise an objection. (*Id.* at 49.)
> Because Defendants properly listed Ms. Meade, the current Grievance Coordinator at Red Onion, on the witness list and George dropped his objection to Ms. Meade's testimony at the hearing, George's First Objection lacks merit and will be OVERRULED.

*George*, 2022 WL 3580746, at *11. George fails to demonstrate that the Court made any error of law or fact in disposing of this objection. Therefore, his first ground fails to provide a basis for relief under Rule 59(e).

In his second ground for relief, George states:

> Plaintiff's Second Objection was overruled for being disingenuous in regards to indigency and copies, but the copies in question were "carbon copies" made with carbon copy paper which is only afforded to indigent inmates free of charge. But "photocopies" are only permitted to indigent inmates who have a court order.

(ECF No. 88, at 1.) In overruling George's Second Objection, the Court stated:

> George's Second Objection is disingenuous. George now suggests that he testified that he could not make copies of an informal complaint or other grievance material because he was indigent. That is simply not true. George testified that he could make copies of his "certificates of service," but that he was "not allowed" to make copies of informal complaints or other grievance material.[2] (ECF No. 75, at

---

[2] As noted by the Magistrate Judge:

> George testified that he did not make or retain a copy of the informal complaint, regular grievance, or Level II appeal. (Tr. 62:3–63:21.) However, he testified that he made and retained a copy of each certificate of service that he mailed with the informal complaint,

3

62–63.) George's lack of copies of the December 2018 informal complaint and other grievance material was not attributable to George's indigency, but to the fact that they never existed. George's Second Objection will be OVERRULED.

*George*, 2022 WL 3580746, at *11. George fails to demonstrate that the Court committed a clear error in overruling his Second Objection. The record supports the Court's conclusion that George's lack of copies of the December 2018 informal complaint and other grievance material was not attributable to George's indigency, but to the fact that they never existed. George's Rule 59(e) Motion will be DENIED. (ECF No. 88.)

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 11/1/2022
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
United States District Judge

---

regular grievance, and Level II appeal. (Tr. 62:3–63:21.) George introduced each certificate of service—a total of three documents ("Exs. 4–6"). By way of example, the first certificate of service states that, on December 7, 2018, George "did, in fact, deposit/submit an Informal Complaint into the U.S. mail through Red Onion State Prison's mail procedure." (Ex. 4.) This statement is followed by a short description of the December 5, 2018 incident. (Ex. 4.) Although the certificates of service were attached to an affidavit George submitted in opposition to the Defendant's Motion for Summary Judgment (ECF No. 36-1), he testified that they were written immediately prior to his mailing of the informal complaint, regular grievance, and Level II appeal. (Tr. 61:18–23.) When asked why he would keep a copy of the certificates of service but not the informal complaint or grievance documents, George testified that inmates were not permitted to make copies of informal complaints or other grievance documents. (Tr. 62:5–63:21.)

(ECF No. 76, at 7–8.)

4